## **MEMORANDUM**

| | |
|---|---|
| DATE: | September 18, 2013 |
| TO: | Kristine Cupp<br>U.S. Marshal Service |
| FROM: | Jennifer Stubbs<br>Legal Assistant<br>U.S. Attorney's Office - District of Maryland |
| RE: | **U.S. v. $50,000.00 U.S. CURRENCY**<br><br>**Civil Action No.**<br><br>**CATS ID 13-DEA-579323**<br>**Agency Case No. – CK-13-0054** |

The United States has filed a forfeiture action against **$50,000.00 U.S. CURRENCY**. A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.


Attachment

1

| U.S. Department of Justice<br>United States Marshals Service | | PROCESS RECEIPT AND RETURN | |
|---|---|---|---|
| PLAINTIFF<br>UNITED STATES OF AMERICA | | COURT CASE NUMBER | |
| DEFENDANT<br>$50,000.00 U.S. Currency | | TYPE OF PROCESS<br>Verified Complaint in Rem | |

| SERVE<br>▶<br>AT | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN<br>CK-13-0054 / 13-DEA-579323 |
|---|---|
| | ADDRESS *(Street or RFD, Apartment No., City, State, and ZIP Code)* |

| SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW: | Number of process to be served with this Form - 285 | |
|---|---|---|
| Jennifer Stubbs/Legal Assistant<br>U.S. Attorney's Office<br>36 S. Charles Street, 4th floor<br>Baltimore, Maryland 21201 | Number of parties to be served in this case | |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Address, All Telephone Numbers, and Estimated Times Available For Service)*
Arrest property. Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of: | TELEPHONE NUMBER<br>410-209-4800 | DATE<br>9/17/13 |
|---|---|---|

### SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated.<br>*(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process<br>No._____ | District of Origin<br>No._____ | District to Serve<br>No._____ | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*.

| Name and title of individual served *(If not shown above).* | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. | |
|---|---|---|
| Address *(complete only if different than shown above)* | Date of Service | Time<br>am<br>pm |
| | Signature of U.S. Marshal or Deputy | |

| Service Fee | Total Mileage Charges *(including endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount Owed to US Marshal or | Amount or Refund |
|---|---|---|---|---|---|---|

REMARKS:

PRIOR EDITIONS MAY BE USED    SEND ORIGINAL + 2 COPIES to USMS.

1. CLERK OF COURT   2. USMS Record   3. Notice of Service   4. Billing Statement   5. Acknowledgment of Receipt

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

        Plaintiff,

- against -                                            Civil No. _____

$50,000.00 in U.S. Currency,

        Defendant.

-----------------------------X

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant U.S. Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a civil forfeiture action against U.S. currency involved in violations of the Controlled Substances Act that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## THE DEFENDANTS IN REM

2. The defendant is $50,000.00 in U.S. Currency.

3. The defendant property was seized from Joe E. Avitia during a traffic stop in Cecil County, MD on March 4, 2013.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over

this particular action under 21 U.S.C. § 881(a)(6).

5. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(C).

6. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7. The defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because is was money furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, constituted proceeds traceable to such an exchange, and was used and intended to be used to facilitate such violation.

## FACTS

8. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Special Agent Patrick J. Trainor of the Drug Enforcement Administration which is incorporated herein by reference.

WHEREFORE, the plaintiff prays that all persons who reasonably appear to be potential claimants with interests in the defendant property be cited to appear herein and answer the complaint; that the defendant property be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United States Marshal dispose of the defendant property according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Dated:   September 17, 2013

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: /s/ Stefan D. Cassella
Stefan D. Cassella
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

3

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $50,000 in United States Currency.

I, Patrick J. Trainor, Special Agent the Drug Enforcement Administration, submit that there are sufficient facts to support a reasonable belief that the $50,000 in United States currency constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a. In March of 2013, SA Patrick J. Trainor of the DEA Philadelphia Division received information from law enforcement that Joe E. AVITIA transports marijuana between Tucson, Arizona and the Philadelphia area. Furthermore, law enforcement advised SA Trainor that AVITIA was currently in the Philadelphia area operating a 2008 Freightliner tractor trailer bearing Arizona registration AE68242 and that AVITIA was in the Philadelphia area to pick up some money as payment for a prior shipment of marijuana. Based on my training and experience in narcotics investigations, I know that drug-traffickers commonly employ truck drivers to transport large shipments of marijuana across the country.

b. Pursuant to this information, starting on or about March 1, 2013, SA Trainor and other law enforcement officers maintained a constant and continuous surveillance

of AVITIA, who was observed staying at the Motel 6 in Essington, Pennsylvania with his son Jose Manuel Avitia.

c. On or about March 3, 2013, law enforcement observed AVITIA meeting with two black males driving a pickup truck bearing Pennsylvania license plate ZCK-8393. During this meeting, these black males were observed passing AVITIA a paper bag containing a rectangular shaped object. A subsequent check with the Pennsylvania Bureau of Motor Vehicles indicates that the aforementioned pickup truck is registered to Pierre D. WILLIAMS of 518 Arbor Road in Lansdowne, Pennsylvania. A criminal history check indicates that WILLIAMS has prior arrests and convictions for murder, drugs, firearms violations, and assault in Pennsylvania.

d. On or about March 4, 2013, law enforcement observed AVITIA, accompanied by his son, leave the Motel 6 and drive to an industrial complex located in Pedrickstown, New Jersey. After leaving this industrial complex, AVITIA drove to a Flying J Travel Plaza in Carneys Point, New Jersey and then proceeded to drive southbound on Route 95. As AVITIA was traveling southbound on Route 95 through Delaware, DEA special agents contacted the Maryland State Police (MSP) to request assistance with a possible traffic stop of AVITIA.

e. On or about March 4, 2013, MSP Troopers First Class (Tfc.) Joshua Seiders and Ryan McNeely of the Pro-Active Criminal Enforcement Team conducted a traffic stop of AVITIA'S tractor trailer pursuant to a traffic violation for speeding as it was traveling southbound on Route 95 in Maryland near mile marker 101.

f. As Tfc. Seiders approached the tractor trailer, the driver, who was identified as AVITIA, quickly exited the tractor trailer. Tfc. Seiders found this suspicious, as if AVITIA did not want Tfc. Seiders near his tractor trailer. AVITIA then presented Tfc. Seiders with a receipt from the "Quality Inn" hotel.

g. Based on trucking industry standards, Tfc. Seiders was suspicious as to why AVITIA presented a hotel receipt when his tractor-trailer was equipped with two beds. Furthermore, AVITIA offered to show Tfc. Seiders the contents of his trailer without being asked. As Tfc. Seiders began asking AVITIA details about his trip, AVITIA became very nervous. Specifically, Tfc. Seiders observed AVITIA display very nervous behavior, short, rapid breathing, and frantically shuffling through paperwork. AVITIA advised that he was headed to Brownsville, Texas, which Tfc. Seiders knows to be one of the largest entry points for narcotics into the United States.

h. Based on the factors above and at the request of Tfc. Seiders, MSP State Trooper Donovan and his drug detection canine "Doc" conducted a free air narcotics canine sniff of the tractor trailer. ST Donovan advised that "Doc" alerted positively for the presence of a controlled substance in the tractor trailer, at which point AVITIA advised the MSP that he had $50,000 in United States Currency in a bag located inside the tractor trailer. Tfc. McNeely located this bag and observed numerous bundles of cash in different increments and secured by different colored rubber bands. AVITIA advised the MSP that he obtained this money from buying and selling trailers and parts for tractors during his travels,

adding that the money was broken down into numerous bundles so it was easier for him to count.

i. The MSP transferred the aforementioned currency seized from AVITIA to SA Trainor, who transported it to the DEA Philadelphia Division for forfeiture proceedings. In the basement of the DEA Philadelphia Division, DEA Task Force Officer Dale Keddie and his drug detection canine "Ninja" conducted a narcotics search of the seized currency. It is noted that "Ninja" alerted positively for the presence of a controlled substance on this same currency.

j. A criminal history check for AVITIA indicates that he has a July 1994 arrest for distribution of marijuana in Louisiana and an April 1996 arrest for possession of marijuana in Arizona.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FACTS SUBMITTED BY THE MARYLAND STATE POLICE, IN REFERENCE TO THE SEIZURE OF $50,000 IN UNITED STATES CURRENCY FROM JOE E. AVITIA ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____  9/17/2013
Patrick J. Traynor
Special Agent
Drug Enforcement Administration

## **VERIFICATION**

I, Stefan D. Cassella, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture *in rem* is based on reports and information furnished to me by a DEA Task Force Officer, and that everything contained therein is true and correct to the best of my knowledge and belief.

*[signature]*
Stefan D. Cassella
Assistant U.S. Attorney