UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

        Plaintiff,

    - against -                              Civil No. 13-cv-02754-WDQ

$50,000.00 in U.S. Currency,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

GOVERNMENT'S MOTION TO DISMISS VERIFIED CLAIM
FOR FAILURE TO RESPOND TO SPECIAL INTERROGATORIES

The United States of America, by its counsel, moves pursuant to Rule G(8)(c) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, to dismiss the Verified Claim of Joe Avitia for failure to respond to the special interrogatories that were served on the Claimant pursuant to Rule G(6).   In support of its motion, the Government says the following.

**BACKGROUND**

The Government filed its Verified Complaint for forfeiture *in rem* on or about September 25, 2013, and Claimant filed his claim and answer on or about October 25, 2013.

On or about December 17, 2013, after sending Claimant a letter advising him that his claim and answer were deficient and receiving no response, the Government moved to dismiss the claim and answer for failure to comply with the pleading requirements in Rule G(5).   Claimant did not oppose the Government's motion.

On June 6, 2014, the court denied the Government's motion.   On June 9, 2014, the

1

Government mailed Claimant a set of special interrogatories issued pursuant to Rule G(6). Exhibit 1. The special interrogatories were enclosed with a letter to attorney Stanton Bloom – the attorney who filed the initial administrative claim to the defendant property with the DEA on Claimant's behalf – advising him that the failure to answer the special interrogatories could result in the dismissal of Claimant's claim. Exhibit 2. Sometime thereafter, attorney Stanton Bloom left a voicemail for Government counsel advising that he was aware of the special interrogatories but did not know if he would be retained by Claimant to represent him in this matter. The Government has had no further contact with Mr. Bloom or Claimant.

Rule G(6)(b) provides that the claimant must serve answers or objections to the special interrogatories "within 21 days after the interrogatories are served." As of this date, the time has expired and Claimant has not responded to the special interrogatories.

**DISCUSSION**

Rule G(6) allows the Government to use special interrogatories as a way of testing the evidentiary basis for the claimant's assertion of standing to contest the forfeiture of property in an *in rem* action. *See* Advisory Committee Note to Rules G(6) and (8)(c) (noting the "special role that subdivision (6) plays in the scheme for determining claim standing"). The importance of insisting on the claimant's compliance with the rule is well-established in this and other circuits. *See United States v. Funds in the Amount of $574,840,* 719 F.3d 648, 652-53 (7th Cir. 2013) (noting the danger of false claims in civil forfeiture proceedings and the Government's right to use special interrogatories to gather evidence needed to challenge standing under Rule G(8)(c)), citing *Asset Forfeiture Law in the United States,* § 9-3); *United States v. $133,420.00 in U.S. Currency,* 672 F.3d 629, 642 (9th Cir. 2012) ("the purpose of the rule is to permit the Government ... to gather

information that bears on the claimant's standing"; e.g., special interrogatories may be used to "test the veracity of [claimant's] claim of ownership"), affirming *United States v. $133,420.00 in U.S. Currency*, 2010 WL 2594304, *7 (D. Ariz. June 23, 2010) ("Rule G appears to tip the scale in favor of the Government's interest in not defending against claims without minimal evidence of standing [and] does so by allowing the Government to propound special interrogatories and to challenge a claimant's standing by summary judgment early in the proceeding"); *United States v. $104,250.00 in U.S. Currency,* 947 F. Supp.2d 560, 565 (D. Md. 2013) (the purpose of the special interrogatories is to allow the Government find out the claimant's true identity and to test her ability to establish standing); *United States v. 14,800.00 in U.S. Currency,* 2012 WL 4521371, *5 (D. Md. Sept. 28, 2012) ("Rule G(6) interrogatories serve an essential function in the asset forfeiture context by allowing the Government to test a claimant's bare assertion of standing against an evidentiary basis"); *United States v. $22,900.00 in U.S. Currency,* 2014 WL 2574052 (M.D. Fla. June 9, 2014) ("Rule G(6) facilitates the Government's ability to challenge claims on standing grounds").

Indeed, the primary role that the special interrogatories play in the civil forfeiture process is illustrated by the rule that the Government need not even respond to any other pleading filed by the claimant until he has answered the special interrogatories. *See United States v. $104,250.00 in U.S. Currency,* 947 F. Supp.2d 560, 565 (D. Md. 2013) ("the claimant must respond to the special interrogatories, and the court must determine whether the claimant has standing to contest the forfeiture, before the court addresses any other issue that the claimant may raise"; collecting cases); *United States v. $22,900.00 in U.S. Currency,* 2014 WL 2574052 (M.D. Fla. June 9, 2014) (because special interrogatories are designed to test the claimant's standing, and standing is a

threshold issue, the Government need not respond to claimant's motion to dismiss its complaint until claimant has answered the special interrogatories; following *$104,250*); *United States v. $307,970.00 in U.S. Currency,* 2013 WL 2251209 (E.D.N.C. May 22, 2013) (because the Government does not have to respond to a motion to dismiss its complaint until the claimant has answered its special interrogatories, it would make no sense to stay the claimant's response until the court has ruled on his motion); *United States v. $307,970.00 in U.S. Currency,* 2013 WL 4095373 (E.D.N.C. Aug. 13, 2013) (granting Government's motion to stay its response to motion to dismiss until claimants have answered all special interrogatories); *United States v. $10,460 in U.S. Currency,* 2013 WL 3043408 (D. Md. June 18, 2013) (resolving Government's motion to dismiss for failure to respond to special interrogatories first, and holding that once it is granted, Claimant's motion to dismiss is moot).

Rule G(8)(c) provides that at any time before trial, the Government may move to strike a claim or answer "for failing to comply with Rule G(5) or G(6)." Courts routinely grant such motions where the time to respond to the special interrogatories has expired and the claimant has not requested an extension of time. *See United States v. $27,970.00 in U.S. Currency,* 2010 WL 933762 (S.D. Ga. Mar. 16, 2010) (dismissing claim pursuant to Rule G(8)(c)(i)(A) two months after claimant failed to respond to special interrogatories); *United States v. $2,409 in U.S. Currency,* 2010 WL 2670982, *1 (D. Md. June 24, 2010) (following *$27,970;* striking claim for failing to respond to special interrogatories within 21 days); *United States v. $85,000,00 in U.S. Currency,* 2010 WL 5087910 (D. Md. Dec. 7, 2010) (same); *United States v. $24,000 in U.S. Currency*, 2012 WL 1899225 (D. Md. May 23, 2012) (same); *United States v. Approximately $24,700 in U.S. Currency,* 2012 WL 458412, *1 (E.D. Cal. Feb. 10, 2012) (same); *United States v.*

*$15,000.00 in U.S. Currency,* 2012 WL 3000649 (S.D. Miss. July 23, 2012) (same); *United States v. $12,812.00 in U.S. Currency,* 2012 WL 4062466 (S.D. Ohio Sept. 14, 2012) (same); *United States v. $57,995 in U.S. Currency,* 2010 WL 5137155, *1 (D.S.C. Dec. 13, 2010) (granting Rule G(8)(c) motion to dismiss for failure to respond to special interrogatories); *United States v. $4,002 in U.S. Currency,* 2011 WL 2462108, *2 (D. Md. June 16, 2011) (same, following *27,970.00* and *$57,995*); *United States v. Approximately $67,900 in U.S. Currency,* 2013 WL 6440211 (E.D. Mich. Dec. 9, 2013) (granting motion to dismiss despite claimant's attempt to forestall dismissal by responding to the interrogatories two months after they were due, but without requesting an extension of time, and not signing under oath); *United States v. $29,540.00 in U.S. Currency,* 2013 WL 783052, *6 (D. Mass. Feb. 28, 2013) (dismissing *pro se* claim for *inter alia* failing to respond to special interrogatories); *United States v. $25,000.00 in U.S. Currency,* 2012 WL 6599918 (S.D. Miss. Dec. 18, 2012) (granting Rule G(8)(c) motion to strike answer for failure to file a Verified Claim, and for failure to answer the special interrogatories; collecting cases taking "a severe stance" against claimants who fail to follow the procedural rules); *United States v. $25,800 Currency,* 2011 WL 2003385, *2 (D. Me. May 23, 2011) (dismissing claim pursuant to Rule G(8)(c)(i)(A) when claimant failed to respond to special interrogatories after court extended the deadline); *United States v. 2006 Dodge ChargerSRT-8,* 2011 WL 2601028, *2 (E.D. Tenn. June 30, 2011) (same); *United States v. $40,449.00 in U.S. Currency,* 2012 WL 234421 (W.D. Okla. Jan. 25, 2012) (same).  *See also United States v. $333,806.93 in Proceeds,* 2010 WL 3733932 (C.D. Cal. Aug. 30, 2010) (citing the Advisory Committee Note: failure to comply with Rule G(6) should be evaluated under a more demanding standard than that used to determine whether to apply sanctions under Rule 37).

WHEREFORE, in light of the foregoing authorities, and because Claimant has not responded either to the special interrogatories or to any other correspondence from the Government since at least December, 2013, Claimant's claim and answer should be stricken and judgment entered for the United States.

        Respectfully submitted,

        ROD J. ROSENSTEIN
        UNITED STATES ATTORNEY

        _____/s/_____
        Stefan D. Cassella
        Assistant United States Attorney
        36 South Charles Street
        Fourth Floor
        Baltimore, MD 21201
        (410) 209-4800

## CERTIFICATE OF SERVICE

This is to certify that on this 8th day of July, 2014, a copy of the foregoing Motion to Dismiss for Failure to Respond to Special Interrogatories and Exhibits filed by the United States of America was mailed first-class mail, return receipt requested to Joe Avetia, c/o Stanton Bloom, 145 S. 6th Avenue, Tucson, Arizona 85701.

        _____/s/_____
        Stefan D. Cassella
        Assistant United States Attorney